UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60720-CIV-ALTONAGA/Seltzer

**DALIA SABBAH**,
on behalf of herself and
others similarly situated,

     Plaintiff,
v.

**WASSERSTEIN, P.A.**,

     Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Dalia Sabbah's Unopposed Motion for Preliminary Approval of Class Action Settlement [ECF No. 21], filed September 7, 2018. On April 4, 2018, Plaintiff brought a Class Action Complaint [ECF No. 1] against Defendant, Wasserstein, P.A., alleging Defendant sent initial debt collection letters to consumers in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. section 1692. (*See generally id.*). The parties have agreed to settle the case, memorializing their settlement in a Class Action Settlement Agreement (*see* Ex. 1, Class Action Settlement Agreement [ECF No. 21-1] 7-22[1]) (the "Settlement Agreement").

The Settlement Agreement requires Defendant to create a non-reversionary settlement fund of $10,000.00 to be distributed pro-rata to each participating Class Member, and provides for Defendant to separately pay the costs of settlement administration, a $1,000.00 individual damages award, a $500.00 incentive award to Plaintiff, as class representative, and attorneys'

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

fees, costs, and expenses to Plaintiff's counsel of up to $27,500.00. (*See id.* 4–5). Upon review of the record, the Court preliminarily finds the settlement amount to be fair and reasonable and the attorneys' fees, costs, and expenses fair, reasonable, and not grossly excessive. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Court has jurisdiction over the subject matter of the class-action and over all settling parties. In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. sections 1332(d), 1453, and 1711-1715, Defendant, through the Class Administrator, will cause to be served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of each state in which any Class Member resides.

2. Plaintiff, Dalia Sabbah's Unopposed Motion for Preliminary Approval of Class Action Settlement **[ECF No. 21]** is **GRANTED** pursuant to Federal Rule of Civil Procedure 23(b)(3). The terms of the Settlement Agreement (*see* Class Action Settlement Agreement 7-22), are preliminarily **APPROVED**, subject to further consideration at the Fairness Hearing provided for below. In making this determination, the Court has considered the current posture of the litigation and the risks and benefits to the parties involved in both settlement of these claims and continuation of the litigation.

**I.   THE CLASS, CLASS REPRESENTATIVE, AND CLASS COUNSEL**

3. The Settlement Class ("Settlement Class") is defined as follows:

> All persons (a) with a United States address, (b) to whom Wasserstein, P.A., (c) between April 4, 2017 and April 4, 2018, (d) in connection with the collection of a consumer debt, (e) mailed an initial written communication not returned as undeliverable, (f) that stated that: (1) "[t]his letter constitutes your notice pursuant to Chapter …, Florida Statutes, of the Association's intent to file a lien against your property, pursuant to the Association's governing documents and applicable provisions of the Florida Statutes, if the total

amount due to the Association is not paid in full within thirty (30) days of the date of this letter"; or (2) "if you do not pay the stated amount by . . . , in addition to the total referenced above, the following month's assessments and late fees will also come due and owing, as well as interest in addition to any prior interest that may be chargeable," where the date provided fell within thirty days of the date of the initial written communication; or that (3) failed to include "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

4. The Court makes the following determinations as to certification of the Settlement Class:

   a. The Court preliminarily certifies the Settlement Class for purposes of settlement only, under Federal Rules of Civil Procedure 23(a) and (b)(3);

   b. The Settlement Class is so numerous that joinder of all members is impracticable;

   c. There are questions of law or fact common to the members of the Settlement Class;

   d. The claims of the Plaintiff are typical of the claims of the other members of the Settlement Class;

   e. Plaintiff is capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement;

   f. Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

   g. The Settlement Class is ascertainable; and

   h. Resolution of the claims in this litigation by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

5. In accordance with Federal Rule of Civil Procedure 23(g), the Court determines Plaintiff's counsel, James L. Davidson of Greenwald Davidson Radbil PLLC, is adequate to represent the Settlement Class and appoints him Class Counsel.

## II. NOTICE OF CLASS MEMBERS

6. The Court approves the form and substance of the written notice of class action settlement. (*See* Ex. C., Notice of Class Action Settlement [ECF No. 21-1] 41–46). The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and the Due Process Clause, constitute the best notice practicable under the circumstances, and constitute sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Class Members of their rights.

7. In accordance with the Settlement Agreement, the Class Administrator will mail the notice to the Class Members as expeditiously as possible. The notice program shall commence on **October 2, 2018**. The Class Administrator will confirm, and if necessary, update the addresses for the Class Members through standard methodology the Class Administrator currently uses to update addresses.

8. A third-party Class Administrator acceptable to the parties will administer the settlement and notification to Class Members. The Class Administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members. All reasonable costs of notice and administration will be paid by Defendant, separate and apart from the Settlement Fund.

9. Upon the recommendation of the parties, the Court appoints First Class, Inc. as Class

Administrator.

### III. REQUEST FOR EXCLUSION FROM THE CLASS

10. Any Class Member who wishes to be excluded from the class must send a written request for exclusion to the Class Administrator with a postmark date no later than **November 12, 2018**.

11. To be effective, the written request for exclusion must state the Class Member's full name, address, telephone number, and email address (if available), along with a statement that the Class Member wishes to be excluded, and must be signed by the Class Member.

12. Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement.

13. Any Class Member who fails to submit a valid and timely request for exclusion will be considered a Participating Class Member and will be bound by the terms of the Settlement Agreement.

### IV. OBJECTIONS

14. Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court by **November 12, 2018**. Any objecting Class Member must, by **November 12, 2018**, also provide a copy of the written objection to:

    a. Counsel for the Class: James L. Davidson, Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431; and

    b. Counsel for Defendant: Michael I. Kessler, Cole, Scott & Kissane, P.A., 222 Lakeview Avenue, Suite 120, West Palm Beach, FL 33401.

15. To be effective, a notice of intent to object to the Settlement Agreement must:

    a. Contain a heading which includes the name of the case and case number;

    b. Provide the name, address, telephone number, and email address (if available) of the Class Member filing the objection;

    c. Be filed with the Clerk of the Court no later than **November 12, 2018**;

    d. Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member;

    e. Be sent to Class Counsel and counsel for Defendant at the addresses above by first-class mail, postmarked by **November 12, 2018**;

    f. Contain the name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney. If any objecting Class Member is represented by an attorney, the attorney must comply with all applicable laws and rules for filing pleadings and documents in the United States District Court for the Southern District of Florida;

    g. Contain a statement of the specific basis for each objection;

    h. Identify any documents which such objector desires the Court to consider, including all legal authorities the objector will present at the settlement approval hearing; and

    i. State whether the objector intends to appear at the settlement approval hearing on his or her own behalf or through counsel.

16. Any Class Member who has timely filed an objection may appear at the settlement approval hearing, in person or by counsel, to be heard to the extent allowed by the Court, in opposition to the fairness, reasonableness, and adequacy of the proposed settlement, and on the application for an award of attorneys' fees and costs. Any objection that includes a request for exclusion will be treated as an exclusion.

CASE NO. 18-60720-CIV-ALTONAGA/Seltzer

## V. FAIRNESS HEARING

17. The Court will conduct a hearing ("Final Approval Hearing") on **February 27, 2019 at 9:00 a.m.** at the United States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Room 12-2, Miami, Florida 33128, to review and rule upon the following issues:

    a. Whether the Settlement Agreement satisfies the prerequisites under Federal Rule of Civil Procedure 23;

    b. Whether the Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

    c. Whether a Final Order and Judgment, as provided under the Settlement Agreement, should be entered, dismissing the action and releasing the Released Claims against the Released Parties; and

    d. To discuss and review other issues as the Court deems appropriate.

18. Attendance by Class Members at the Final Approval Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to appear at the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

19. Memoranda in support of the proposed settlement, and any petitions for attorneys' fees and reimbursement of costs and expenses by Class Counsel, must be filed with the Court by **January 9, 2019**. Opposition briefs to any of the foregoing must be filed by **January 23, 2019**. Reply memoranda in support of the foregoing must be filed with the Court no

later than **January 30, 2019**.

## VI. OTHER PROVISIONS

20. The Agreement and this Order will be null and void if either of the parties terminates the Settlement Agreement for any of the following reasons:

    a. Any specified material condition to the settlement set forth in the Settlement Agreement is not satisfied, and the satisfaction of such condition is not waived in writing by the parties;

    b. The Court rejects any material component of the Settlement Agreement, including any amendment thereto approved by the parties; or

    c. The Court approves the Settlement Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

21. The events described above, however, provide grounds for terminating the Settlement Agreement only after the parties have attempted and completed good faith negotiations to salvage the settlement but were unable to salvage the settlement.

22. If the Settlement Agreement and/or this Order are voided, then the Settlement Agreement will be of no force and effect and the parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this Order never entered.

23. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

CASE NO. 18-60720-CIV-ALTONAGA/Seltzer

24. The following summarizes the deadlines stated above for issuing Class Notice and submitting claims and objections:

| | |
|---|---|
| **October 2, 2018** | Deadline to Send Notice of the Settlement to the Settlement Class Members |
| **November 12, 2018** | Deadline for Settlement Class Members to Request Exclusion Or File Objections |
| **January 9, 2019** | Motion for Final Approval, and Attorneys' Fees Petition |
| **January 23, 2019** | Opposition to Motion for Final Approval and Attorneys' Fees Petition |
| **January 30, 2019** | Reply in Support of Motion for Final Approval and Attorneys' Fees Petition |
| **February 27, 2019 at 9:00 a.m.** | Final Approval Hearing |

Given the foregoing, the Clerk is instructed to mark this case as **CLOSED** for administrative purposes only.

**DONE AND ORDERED** in Miami, Florida, this 11th day of September, 2018.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record