UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60720-CIV-ALTONAGA/Seltzer

**DALIA SABBAH**,
on behalf of herself and
others similarly situated,

    Plaintiff,
v.

**WASSERSTEIN, P.A.**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Dalia Sabbah's Unopposed Motion for Final Approval of Class Action Settlement [ECF No. 26], filed January 9, 2019. On April 4, 2018, Plaintiff filed a Class Action Complaint [ECF No. 1] against Defendant, Wasserstein, P.A., alleging Defendant sent initial debt collection letters to consumers in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. section 1692. (*See generally id.*). The parties have agreed to settle the case, memorializing their settlement in a Class Action Settlement Agreement. (*See* Ex. 1, Class Action Settlement Agreement [ECF No. 21-1] 7-22[1]) (the "Settlement Agreement").

On September 11, 2018, the Court entered an Order [ECF No. 22] preliminarily approving the Class Action Settlement Agreement. In the Preliminary Approval Order, the Court, among other things, preliminarily certified a class of plaintiffs (the "Class Members") with respect to the claims asserted in the action; preliminarily approved the proposed Settlement

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Agreement; appointed Plaintiff as the Class Representative; appointed James L. Davidson of Greenwald Davidson Radbil PLLC as Class Counsel; and set the date and time of the Final Approval Hearing. (*See generally id*.). On October 29, 2018, Plaintiff filed an Unopposed Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses [ECF No. 24] seeking $27,500 for Plaintiff's counsel's efforts in litigating the case.

On January 9, 2019, Plaintiff filed the present Motion for Final Approval of Class Action Settlement. On February 27, 2019, a Final Approval Hearing [ECF No. 29] was held under Federal Rule of Civil Procedure 23 to determine whether the claims in the case satisfy the prerequisites for class action treatment and whether the Settlement Agreement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court. No objectors appeared.

Again, the parties request final certification of the settlement class under Federal Rule of Civil Procedure 23(b)(3) and final approval of the proposed Settlement Agreement. The Court has carefully considered the Settlement Agreement, the present Motion, and the record. The Court agrees with the parties that the Settlement Agreement is fair, reasonable, and in the best interests of the Class Members.

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff, Dalia Sabbah's Unopposed Motion for Final Approval of Class Action Settlement **[ECF No. 26] is GRANTED** as follows:

1. **Class Members:** Under Federal Rule of Civil Procedure 23(b)(3), the action is certified, for settlement purposes only, as a class action as to the claims asserted in this case and on behalf of the Class Members, defined as follows:

    All persons (a) with a United States address, (b) to whom Wasserstein,

      P.A., (c) between April 4, 2017 and April 4, 2018, (d) in connection with the collection of a consumer debt, (e) mailed an initial written communication not returned as undeliverable, (f) that stated that: (1) "[t]his letter constitutes your notice pursuant to Chapter . . ., Florida Statutes, of the Association's intent to file a lien against your property, pursuant to the Association's governing documents and applicable provisions of the Florida Statutes, if the total amount due to the Association is not paid in full within thirty (30) days of the date of this letter"; or (2) "if you do not pay the stated amount by . . . , in addition to the total referenced above, the following month's assessments and late fees will also come due and owing, as well as interest in addition to any prior interest that may be chargeable," where the date provided fell within thirty days of the date of the initial written communication; or that (3) failed to include "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

Defendant has identified a total of 830 potential Class Members.

2. **Class Representative and Class Counsel Appointment**: Under Federal Rule of Civil Procedure 23, the Court certifies Plaintiff as the Class Representative and James L. Davidson of Greenwald Davidson Radbil PLLC as Class Counsel. *See Johnson v. NPAS Sols., LLC*, No. 9:17-cv-80393, 2017 WL 6060778, at *1 (S.D. Fla. May 8, 2018); *Gonzalez v. Dynamic Recovery Sols., LLC*, Nos. 14-24502, 14-20933, 2015 WL 738329, at *2 (S.D. Fla. Feb. 23, 2015).

3. **Notices to the Class**: The approved class action notices were mailed. The form and method for notifying the Class Members of the settlement and its terms and conditions complied with the Court's Preliminary Approval Order and satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise the Class Members of their rights.

4. **Final Class Certification**: The Court finds class action treatment under Rule 23 for the

purposes of settlement is appropriate. The findings compelling this conclusion include:

    a. The Class Members are so numerous and geographically dispersed that joinder of all of them in the action is impracticable;

    b. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

    c. The claims of the Plaintiff are typical of the claims of the Class Members;

    d. Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the Class Members; and

    e. Class treatment of these claims is efficient and manageable, achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient resolution of this controversy.

Settlement of the action, on the terms and conditions in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and, the limited amount of any potential total recovery for the class. *See Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994).

5. **Settlement Terms:** The Settlement Agreement, which the Court deems incorporated here, is **FINALLY APPROVED**. The material terms of the Settlement Agreement include, but are not limited to, the following:

    a. <u>Settlement Fund</u>: Defendant will establish a **$12,500.00** settlement fund (the "Settlement Fund").

    b. <u>Settlement Payment to Class Members</u>: Each Class Member who has not

4

excluded himself or herself from the Class will receive a pro rata share of the Settlement Fund. Each settlement check will be void 90 days after mailing. If any funds remain in the Settlement Fund after the void date (from uncashed checks or otherwise), the funds will be distributed to **Legal Aid Society of Palm Beach County, Inc.** as the *cy pres* recipient.

c. <u>Statutory and Incentive Awards to Plaintiff</u>: Plaintiff will receive from Defendant the sum of $1,000.00 under 15 U.S.C. § 1692k(a)(2)(B)(i) and $500.00 as an incentive award for her work on behalf of the Class Members. These payments will be separate from the Settlement Fund and her pro-rata share of the same.

d. <u>Attorney's Fees Expenses, and Costs of Class Counsel</u>: Plaintiff will receive from Defendant a reasonable sum of attorney's fees and costs. To that end, Plaintiff's Unopposed Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses **[ECF No. 24]** is **GRANTED**. The Court finds an award of **$27,500** in attorney's fees and costs is both fair and reasonable for Plaintiff's counsel's efforts in litigating the case.

e. <u>Settlement Notice and Administration</u>: Separate from the Settlement Fund, the Statutory and Incentive Awards to Plaintiff, and the Attorney's Fees, Expenses, and Costs of Class Counsel, Defendant is responsible for paying all costs of notice and administration of the settlement, which will be completed by First Class, Inc., Class Action Administration.

6. **Objections and Exclusions**: The Class Members were given an opportunity to object to the settlement. Two Class Members objected to the settlement. The Court has reviewed the objections, finds that they are not substantive, and overrules them. No Class

Members excluded themselves from the settlement. No Class Members appeared at the February 27, 2019 Final Approval Hearing. This Order is thus binding on all Class Members.

7. **Release of Claims and Dismissal of Lawsuit:**

   a. Plaintiff, Class Members, and their successors and assigns are permanently barred and enjoined from instituting, prosecuting, intervening in or participating in, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, in the Settlement Agreement. Under the release contained in the Settlement Agreement, the Released Claims are compromised, settled, released, discharged, by these proceedings and this Order.

   b. The action is **DISMISSED with prejudice** in all respects. This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding. The Court retains continuing and exclusive jurisdiction over the parties and all matters relating to the action and Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement Agreement and this Order, and the approval of any attorney's fees, costs, and expenses to Class Counsel.

**DONE AND ORDERED** in Miami, Florida, this 27th day of February, 2019.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record